IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT HARDEN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07cv3054 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| MYRA DIANE OPPY, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court for initial review of the complaint filed by the plaintiff, Robert Harden, a prisoner in the Lincoln Correctional Center ("LCC"). Also before the court is Filing No. 2, the plaintiff's Motion to Proceed In Forma Pauperis ("IFP"). Because the plaintiff is incarcerated, the Prison Litigation Reform Act ("PLRA") applies to this case. The PLRA requires the court to screen civil rights complaints brought by confined persons. See, e.g., 28 U.S.C. § 1915A, which directs the court to screen prisoner complaints. Similarly, by moving for leave to proceed IFP, the plaintiff subjects his complaint to initial review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Finally, Fed. R. Civ. P. Fed. R. Civ. P. 12(h)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Often a case which cannot be brought in federal district court may nonetheless be filed in a state court. That is because the federal district courts are courts of "limited jurisdiction," while the state courts are courts of "general jurisdiction."

In this case, whether or not the plaintiff qualifies financially to proceed IFP, the complaint fails to state a claim on which relief may be granted, and no basis for subject matter jurisdiction in federal court is apparent on the face of the complaint. The complaint states only that the plaintiff seeks the return of some personal property (family portraits, photos, a ring and a necklace) presently in the defendant's possession.

## Jurisdiction

Federal Question

For a federal court to have jurisdiction under the federal question jurisdictional statute, 28 U.S.C. § 1331, the plaintiff must assert a substantial federal claim. The complaint in this case does not state a basis for subject matter jurisdiction under 28 U.S.C. § 1331. The plaintiff may have a cause of action under state law, but the complaint does not state a claim arising under the Constitution, laws, or treaties of the United States, as required by 28 U.S.C. § 1331.

Civil Rights

28 U.S.C. § 1343 grants the federal district courts original jurisdiction "[t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or

usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States." 28 U.S.C. § 1343(a)(3) is the jurisdictional counterpart to 42 U.S.C. § 1983, which provides a remedy for certain deprivations of a claimant's civil rights. To state a claim for relief in an action under 42 U.S.C. § 1983, the plaintiff must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under "color of state law." An allegation that a private individual has deprived the plaintiff of a constitutional right fails to state a cause of action under 42 U.S.C. § 1983. See, e.g., Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); Pino v. Higgs, 75 F.3d 1461, 1464-67 (10th Cir. 1996). Therefore, if the actions of the defendant were "not state action, our inquiry ends." Rendell-Baker v. Kohn, 457 U.S. at 838. In his complaint, the plaintiff has alleged no facts suggesting that the defendant could be considered a state actor, i.e., acting under color of state law.

Diversity of Citizenship

Subject matter jurisdiction based on 28 U.S.C. § 1332 requires diversity of citizenship and an amount in controversy of at least $75,000. The plaintiff alleges no diversity of citizenship. In addition, an action founded on diversity jurisdiction must be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002). Put another way, "[t]he district court has subject matter jurisdiction in a diversity case when a fact finder

3

could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000." Id. at 885.  Here, the pleadings do not indicate a sufficient jurisdictional amount.

If the plaintiff has stated a claim of any kind, the claim arises under state law, and may be brought in a state forum.  Filing No. 2 is denied.  This case will be dismissed pursuant to Fed. R. Civ. P. 12(h), 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). Judgment will be entered accordingly.

SO ORDERED.

DATED this 9th day of March, 2007.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge